UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORA HARDING,

    Plaintiff,

v.

TRANSFORCE, INC., et al.,

    Defendants.

Case No. 2:11-cv-244
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is presently before the Court on Defendants Kal Kan Foods, Inc. and Mars Petcare US Inc.'s Partial Motion to Dismiss (Doc. 6), which is **GRANTED IN PART AND DENIED IN PART**; Defendant Paul E. Lay's Motion to Dismiss (Doc. 10), which is **GRANTED**; and, Defendant Transforce, Inc.'s Motion to Dismiss (Doc. 11), which is **GRANTED IN PART AND DENIED IN PART**.

### I. Background

On February 11, 2011, Plaintiff filed the instant action in the Franklin County, Ohio Court of Common Pleas. Plaintiff named as defendants Transforce, Inc. ("Transforce"), Paul E. Lay, Kal Kan Foods, Inc., and Mars Petcare (together "Mars"), and NYK Logistics (Americas), Inc. ("NYK"). On March 18, 2011, Defendants jointly removed the action to this Court based upon diversity jurisdiction.

The facts relied upon in this Opinion and Order were taken from the pleadings or documents that are properly considered part of the pleadings. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim); *see also Yeary v.*

*Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (if extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment).

Plaintiff Nora Harding filed this action individually and as administrator of the estate of her husband, Mark A. Harding. Mr. Harding was employed by Defendant Transforce. On February 12, 2009, Transforce assigned Mr. Harding to work at a Mars warehouse facility, which was operated by NYK. The facility is located in Columbus, Ohio. Mr. Harding and his coworker, defendant Paul E. Lay, operated "yard trucks" and moved semi tractor-trailers from one point in the yard to another point, such as to the loading dock. Mr. Harding had completed his work-shift and began to walk across the yard to his vehicle when he was struck and killed by a yard truck driven by Mr. Lay.

Plaintiff filed for and received workers' compensation benefits from the Ohio Bureau of Workers' Compensation related to the death of her late husband.

## II. Standard

Plaintiff throughout her memoranda in opposition to the three pending motions to dismiss argues that Rule 8 requires only notice pleading and submits that this Court should not dismiss any of her claims before she receives discovery on them. Plaintiff, however, misunderstands the nature of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is a procedural tool used by a defendant to prevent a plaintiff the ability to indulge in discovery. As the United States Supreme Court explains:

> Rule 8 [of the Federal Rules of Civil Procedure] marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more

2

than conclusions.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Consequently, the standard applicable to the motions currently at issue before this Court requires that Plaintiff's complaint contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### III. Analysis

In Plaintiff's complaint, she alleges seven claims for relief. Plaintiff alleges the following claims against all Defendants[1]: (1) negligence, (2) negligent hiring, training, and/or supervision, (3) *res ipsa loquitur*, and (4) punitive damages. Plaintiff filed two additional claims against Transforce only: (5) *respondeat superior*, and (6) employer intentional tort. Plaintiff filed one additional claim against NYK and Mars: (7) business invitee liability.

### A. Transforce's Motion to Dismiss

Plaintiff alleges claims against Transforce for negligence, *respondeat superior*, negligent hiring, training, and/or supervision, *res ipsa loquitur*, employer intentional tort, and punitive damages. Transforce moves for dismissal of all of these claims for failure to state a claim upon which relief can be granted.

---

[1]Plaintiff asserts all claims against John Doe defendants as well.

3

## 1. Employer intentional tort

Employees who sustain injury on the job are generally subject to the exclusive remedy provisions of the Ohio Workers' Compensation Act, Ohio Revised Code § 4123.74. However, an employee may pursue an action against his employer under Ohio Revised Code § 2745.01 when an employer acts with specific intent to cause an injury. In two separate decision, the Ohio Supreme Court has recently upheld the constitutionality of § 2745.01. *See Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250 (2010); *Stetter v. R.J. Corman Derailment Servs., LLC*, 125 Ohio St.3d 280 (2010). The statute provides:

> (A) In an action brought against an employer by an employee . . . for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

Ohio Rev. Code § 2745.01.

In the instant action, Transforce contends that Plaintiff has failed to allege facts sufficient to support a claim under this statute.

In opposing Transforce's motion, Plaintiff argues that the facts alleged by her are sufficient to state a claim for intentional tort under the standard set forth in *Fyffe v. Jeno's, Inc.*, 59 Ohio St.3d 115 (1991). (Doc. 21 at 12-13.) In that case, the Ohio Supreme Court held that an employee asserting a common law claim that a workplace injury was caused by an intentional act of his employer must allege and prove:

(1) knowledge by the employer of the existence of a dangerous process,

4

procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Id.* at 115 (citing *Van Fossen v. Babcock and Wilcox Co.*, 36 Ohio St.3d 100 (1988)).

However, as Transforce correctly points out, the *Fyffe* common law standard no longer applies in light of the statutory standard established by the Ohio General Assembly in § 2745.01, which became effective on April 7, 2005, before Mr. Hardings death in 2009. "It was the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in R.C. 2745.01 (B), to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury." *Stetter*, 125 Ohio St.3d at 284 (citing *Kaminski*, 125 Ohio St.3d 263). Thus, whether or not Plaintiff's intentional tort claim survives the motion to dismiss must be analyzed under the standard set forth in § 2745.01; the *Fyffe* standard is inapplicable.

Recently, this Court considered a situation nearly identical to the one before this Court. In determining whether a pleading stated a plausible claim for an intentional tort under Ohio Revised Code § 2745.01, where the plaintiff, like Plaintiff here, argued under the now defunct *Fyffe* standard, Magistrate Judge King explained:

> In the Amended Complaint, Plaintiff specifically alleges that Defendant acted "intentionally and/or with knowledge that injury was substantially certain to occur . . . ." Am. Complaint, Doc. No. 9 at ¶ 35; *see also* ¶¶ 36-38. In the Court's view, these allegations are sufficient to state a claim for relief under § 2745.01 (A), (B), which require that the employer act "with the intent to injure another or with the belief that the injury was substantially certain to occur." In view of these allegations, Defendant's motion for judgment on the pleadings as to Plaintiff's claim under subsections (A) and (B) is without merit.

*Berardelli v. Foster Wheeler Zack, Inc.*, No. 2:09-CV-946, 2010 U.S. Dist. LEXIS 102151, at

5

*8-9 (S.D. Ohio Sept. 17, 2010).[2]

As in *Berardelli*, in the complaint before this Court, Plaintiff specifically alleges that Transforce acted with knowledge that injury was substantially certain to occur because of the dangerous conditions to which it subjected Mr. Harding:

> (1) Defendant Transforce, Inc. knew that they [sic] subjected the plaintiff to a dangerous process, instrumentality and/or condition during the operation of business; (2) Defendant Transforce, Inc. knew that [Mr. Harding] was substantially certain to be harmed by such dangerous process, instrumentality and/or condition; and (3) Defendant Transforce, Inc. had such knowledge and did in fact require [Mr. Harding] to continue to perform the dangerous task which resulted in his injuries.

(Doc. 4 at ¶ 56.)

The Court finds that Plaintiff's failure in the instant action to use the word "intentionally," as did the *Berardelli* plaintiff, is of no consequence. The complaint alleges that Defendants knew the decedent was "subjected . . . to a dangerous process, instrumentality and/or condition . . . ." *Id.* In addition to the allegations quoted above, Plaintiff alleges that Transforce failed to provide adequate training and supervision to Mr. Harding and Mr. Lay, failed to provide skilled employees with whom Harding and Lay worked, failed to warn its employees of dangerous conditions in which they would be working, and failed to follow federal regulatory standards. These allegations, in combination with paragraph 56 of the complaint, are enough to state an intentional tort claim, which requires that the employer act "with the intent to injure another or with the belief that the injury was substantially certain to occur." *See* Ohio Rev. Code § 2745.01. Consequently, the Court **DENIES** Transforce's motion as it relates to Plaintiff's

---

[2]The parties consented to the jurisdiction of Magistrate Judge King pursuant to 28 U.S.C. § 636(c).

intentional tort cause of action.

## 2. Punitive damages

Transforce argues that the punitive damages claim filed against it cannot survive its motion to dismiss because (1) punitive damages are not available in a wrongful death action, (2) "punitive damages" is not a separate claim in itself, and (3) Plaintiff's complaint is devoid of any factual allegations providing the grounds for her entitlement to punitive damages against Transforce.

This Court agrees with Transforce's first two propositions. *State ex rel. Bd. of State Teachers Ret. Sys. v. Davis*, 113 Ohio St. 3d 410, 417 (2007) ("'punitive damages is not a separate claim in itself but rather an issue in the overall claim for damages'") (citation omitted). This action, however, is not properly categorized as exclusively a wrongful death action. Plaintiff has alleged an employer intentional tort claim against Transforce. In an intentional tort by an employer claim, punitive damages are available. *See Banks v. Ross Incineration*, No. 98CA007132, 1999 Ohio App. LEXIS 5988, at *11 (Ohio Ct. App. Dec. 15, 1999) ("[punitive] damages remain available to individuals who have been injured by intentional tortious conduct of third parties. There is no legitimate reason why an employer should escape from such damages when he has committed an intentional tort against his employee") (citing *Blankenship v. Cincinnati Milacron Chemicals*, 69 Ohio St. 2d 608, 615 (1982)).

As to Transforce's third contention, that Plaintiff's complaint is devoid of any factual allegations providing the grounds for her entitlement to punitive damages, this Court disagrees. In Ohio, entitlement to punitive damages in a tort action is governed by Ohio Revised Code § 2315.21(C). That section provides "punitive or exemplary damages are not recoverable from a

7

defendant in question in a tort action unless . . . [t]he actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult, or that defendant as principal or master authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate . . . ." Plaintiff has alleged that Transforce knowingly acted intentionally to cause harm to Mr. Harding. Accepting those allegations as true, and making all reasonable inferences from them in Plaintiff's favor, the Court finds that Plaintiff's allegations are sufficient to state a plausible claims for the entitlement to punitive damages. Thus, the Court **DENIES** Transforce's motion as it relates to Plaintiff's request for punitive damages against Transforce.

### 3. Remaining claims against Transforce

Transforce contends, *inter alia*, that it is immune from the claims of negligence, *respondeat superior*, negligent hiring, training, and/or supervision, and *res ipsa loquitur* because these claims are preempted by the exclusive remedy provisions of the Ohio Workers' Compensation Act. This Court agrees.

Ohio Revised Code § 4123.74 provides that "[e]mployers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury . . . by any employee in the course of or arising out of his employment . . . ." As an Ohio appellate court held in *Naragon v. Dayton Power & Light Co.*, No. 17-97-21, 1998 Ohio App. LEXIS 1531, 1998 WL 142386, at *10 (Ohio App. March 30, 1998), "a qualifying employer in Ohio's worker compensation system is immune from suits alleging negligence raised by employees for injuries suffered during the course of employment." Thus, the issue before the Court is whether Transforce was a complying employer at the time of Mr. Harding's death.

8

Plaintiff responds by asserting that "it is unknown which employer carried the workers' compensation coverage, if anyone did. All we know from the complaint is that Mrs. Harding has received benefits, which could have been from the workers' compensation surplus fund." (Doc. 21 at 5.) Apparently, Plaintiff believes that if the entity that was responsible for providing the workers' compensation benefits she received is unknown, her claim must survive. This proposition fails for several reasons.

First, Plaintiff's complaint is absolutely clear that Transforce was Mr. Harding's employer and that the other defendant companies were not:

> 16. At all times relevant herein, Mark A. Harding was an employee of TransForce, Inc.
>
> . . . .
>
> 18. Mr. Harding and Mr. Lay were not employees of Kal Kan Foods, NYK Logistics or Mars Petcare at the time of the accident.
>
> . . . .
>
> 25. Mr. Harding and Mr. Lay were employees of TransForce, Inc. on February 12, 2009.
>
> . . . .
>
> 55. Plaintiff alleges that Defendant TransForce, Inc. was his employer at the time of the accident.

(Complaint ¶¶ 4, 16, 18, 25, 55).

As Transforce correctly asserts, Plaintiff is bound by these allegations because factual assertions in a pleading are binding upon the party who made them. *See Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) ("'Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.'") (citation omitted)

9

Moreover, and dispositive in and of itself, the workers' compensation benefits clearly show that Transforce was Mr. Harding's employer the day of his death and that Transforce was in compliance with the Workers' Compensation statute at that time. (Doc. 26, Ex. A) (workers' compensation claim documents showing Transforce as Mr. Harding's employer, its compliance certificate for the relevant time period, and the amounts paid from Transforce's policy to Plaintiff). Plaintiff's argument that "[a]ll we know from the complaint is that Mrs. Harding has received benefits, which could have been from the workers' compensation surplus fund[,]" does not save this claim. (Doc. 21 at 5.) While Plaintiff failed to attach the workers' compensation benefit documents to her complaint, she cannot "avoid dismissal of a legally deficient claim by failing to attach a dispositive document to the complaint." *Allied Mech. Servs. v. Local 337 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus.*, No. 99-1494, 2000 U.S. App. LEXIS 15723, at *8 (6th Cir. Mich. June 26, 2000) (citing *Weiner*, 108 F.3d at 89). The workers' compensation claim documents are properly considered part of the pleadings and this Court may consider them without converting this motion to one for summary judgment. *See Weiner*, 108 F.3d at 89; *Yeary*, 107 F.3d at 445.

Accordingly, the Court **GRANTS** Transforce's motion as it relates to Plaintiff's claims against it for negligence, *respondeat superior*, negligent hiring, training, and/or supervision, and *res ipsa loquitur*.

### B. Lay's Motion to Dismiss

Plaintiff alleges claims for negligence, negligent hiring, training, and/or supervision, *res ipsa loquitur*, and punitive damages against her husband's coworker, Paul E. Lay. Mr. Lay moves for dismissal of all of these claims, arguing, among other things, that he is statutorily

10

immune from these claims. This Court agrees.

Section 4123.741 of the Ohio Revised Code provides:

No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

Thus, under Ohio law, a workers' compensation claim represents an injured employee's exclusive recovery for injury or death resulting from a co-employee's negligence. The Ohio Supreme Court has held: "[A] party who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee." *Kaiser v. Strall*, 5 Ohio St.3d 91, 94 (1983). More recently, the Ohio Supreme Court has held that § 4123.471 extends immunity to a co-employee "when the actionable conduct occurs 'in the course of, and arising out of,' the co[-]employee's employment, within the meaning of that phrase in the Workers' Compensation Act." *Donnelly v. Herron*, 88 Ohio St.3d 425, 429 (2000). In other words, R.C. 4123.741 confers immunity so long as both the injured employee and the co-employee were "in the service of the employer at the time of the injury." *Sanders v. Fridd*, No. 09AP-596, 2010 Ohio App. LEXIS 2735, at *6 (Ohio Ct. App. May 25, 2010).

In th case *sub judice*, Plaintiff's complaint specifically alleges that Mr. Lay "negligently caused the 'yard truck' to strike and run over Mark Harding" and alleges that Lay was "acting

11

within the course and scope of his employment with Defendant TransForce" at the time this occurred. (Doc. 4 ¶¶ 33, 42). Moreover, it is undisputed that Plaintiff sought and obtained workers' compensation benefits. Consequently, under well-settled Ohio law, fellow employee immunity precludes Plaintiff from pursuing any additional common-law or statutory claims against Mr. Lay. Thus, the Court **GRANTS** Lay's motion to dismiss in its entirety.

## C. Mars' Motion to Dismiss

Plaintiff alleges claims for negligence, negligent hiring, training, and/or supervision, *res ipsa loquitur*, business invitee liability, and punitive damages against Mars. Mars moves for dismissal of the claims for negligent hiring, training, and/or supervision, *res ipsa loquitur*, punitive damages, and employer intentional tort.

### 1. Intentional tort

Mars moves for dismissal of Plaintiff's employer intentional tort claim; however, Plaintiff has not alleged such a claim against Mars. The complaint indicates under the section alleging this claim, that Transforce was Mr. Harding's employer; that Transforce subjected him to dangerous working conditions; that Transforce knew the conditions were dangerous; and that Transforce intentionally required him to perform the dangerous tasks anyway. Nowhere does this claim for relief indicate that it is filed against any defendant other than Transforce. (Doc. 4 at ¶¶ 54-57.)

Further, as this Court explained *supra*, Plaintiff has unequivocally alleged that Mars was not Mr. Harding's employer. (Id. at ¶¶18, 25) ("Mr. Harding and Mr. Lay were not employees of Kal Kan Foods, NYK Logistics or Mars Petcare at the time of the accident."; Mr. Harding and Mr. Lay were employees of TransForce, Inc. on February 12, 2009.") Therefore, Mars cannot be

12

held liable for an employer intentional tort.

## 2. Negligent hiring, training, and/or supervision

Plaintiff asserts a claim against Mars for the negligent hiring, training, and/or supervision of Mr. Lay. Because this Court is sitting in diversity, it must apply the choice of law rules of the forum state. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Ohio presumptively applies the substantive law of the place of the injury unless another jurisdiction has a more significant relationship to the lawsuit. *See Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St. 3d 339, 342 (Ohio 1984). Because the accident that caused Mr. Harding's death occurred in Ohio, and Plaintiff's complaint does not suggest that another jurisdiction has any relationship to the lawsuit, the substantive law of Ohio applies.

In Ohio, the elements of a claim for negligent hiring and/or supervision are (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's knowledge of the employee's incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) a causal link between the employer's negligence in hiring, supervising, and retaining and the plaintiff's injuries." *Lehrner v. Safeco Ins./Am. States Ins. Co.*, 171 Ohio App. 3d 570, 583 (Ohio Ct. App. 2007); *see also Strock v. Pressnell*, 38 Ohio St. 3d 207, 217 (Ohio 1988) (negligent training also requires employment relationship).

Even when accepting the allegations in the complaint as true, and making all reasonable inferences in Plaintiff's favor, she cannot establish the existence an employment relationship between Mr. Lay and Mars. As the Court has explained *supra*, Plaintiff alleged specifically that Mars was not Mr. Lay's employer and Plaintiff is bound by those allegations. (Doc. 4 at ¶¶18, 25) ("Mr. Harding and Mr. Lay were not employees of Kal Kan Foods, NYK Logistics or Mars

13

Petcare at the time of the accident."; "Mr. Harding and Mr. Lay were employees of TransForce, Inc. on February 12, 2009."). Consequently, the Court **GRANTS** Mars' motion as it relates to Plaintiff's claim against it for negligent hiring, training, and/or supervision.

### 3. *Res ipsa loquitur*

Plaintiff purports to allege a cause of action for *res ips loquitur*. Mars moves for dismissal of this claim, arguing that it is not a claim for relief, but instead is an evidentiary rule. This Court agrees.

"*Res ipsa loquitur* is an evidentiary rule that permits, but does not require, a jury to draw an inference of negligence from circumstantial evidence." *Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St. 3d 300, 303 (2010) (citation omitted). The rule provides a method of proving a defendant's negligence, not a stand alone claim for relief. *See Morgan v. Children's Hospital*, 18 Ohio St. 3d 185, 187 (1985) ("The doctrine of *res ipsa loquitur* does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence."). Thus, the Court **GRANTS** Mars' motion as it relates to the *res ipsa loquitur* claim filed against it. The Court, however, makes no finding as to the appropriateness of Plaintiff requesting *a res ipsa loquitur* instruction to the jury should this case proceed to trial. *See Hake v.. Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 66-67 (1970) (there are "two prerequisites which must be met to warrant an instruction to the jury on *res ipsa loquitur*").

### 4. Punitive damages

Mars argues that Plaintiff's claim for punitive damages must be dismissed because punitive damages are not available in a wrongful death action in Ohio, "punitive damages" is not

14

a separate claim in itself, and Plaintiff's complaint is devoid of any factual allegations providing the grounds for her entitlement to punitive damages against Mars. Mars' arguments fail for the same reasons as Transforce's. That is, this action is not properly categorized as exclusively a wrongful death action. Plaintiff has alleged claims for relief against Mars that sound in negligence and reckless conduct, where punitive damages may be available.

As to Mars' third contention, the Court disagrees that Plaintiff's complaint is devoid of any factual allegations providing the grounds for her entitlement to punitive damages. Plaintiff has alleged that Mars acted with such recklessness and disregard for the safety of the individuals working at their facility that the death of one of those individuals ensued. Accepting those allegations as true, and making all reasonable inferences from them in Plaintiff's favor, the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for the entitlement to punitive damages. Accordingly, the Court **DENIES** Mars' motion as it relates to Plaintiff's request for punitive damages.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS PART AND DENIES IN PART** Defendants Kal Kan Foods, Inc. and Mars Petcare US Inc.'s Partial Motion to Dismiss (Doc. 6), **GRANTS** Defendant Paul E. Lay's Motion to Dismiss (Doc. 10), and **GRANTS IN PART AND DENIES IN PART** Defendant Transforce, Inc.'s Motion to Dismiss (Doc. 11). The Clerk is **DIRECTED** remove each of these motions from this Court's pending motions list.

The claims remaining before the Court are:

1. Intentional tort against Transforce.

2. Negligence against Mars/Kal Kan and NYK.

3. Business invitee liability against Mars/Kal Kan and NYK.

4. Negligent hiring, training, and/or supervision against NYK.

**IT IS SO ORDERED.**

_____2-27-2012_____  
**DATE**

_____/s/_____  
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**