IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


NORA HARDING,

        Plaintiff,


   vs.                               Civil Action 2:11-CV-244
                                      Judge Sargus
                                      Magistrate Judge King


TRANSFORCE, INC., et *al.*,

        Defendants.


## OPINION AND ORDER


      This matter is before the Court on the *Motion of Yusen Logistics (Americas), Inc. to Compel Discovery of a Settlement Agreement between Plaintiff and Mars* ("*Motion to Compel*"), Doc. No. 62.  Defendant Yusen Logistics (Americas), Inc. ("NYK") seeks discovery of the settlement agreement between plaintiff Nora Harding and defendants Mars Petcare US, Inc., and Kal Kan Foods, Inc.  *Id*. at p. 1.  The Court previously granted defendant's *Motion to Compel* as unopposed, *see Order*, Doc. No. 63, and plaintiff filed a motion to reconsider, seeking leave to file a response out of rule.  *Plaintiff's Motion for Reconsideration and Memorandum Contra to Defendant NYK's Motion to Compel*, Doc. No. 64.  On April 29, 2013, the Court granted plaintiff leave to file a response to NYK's *Motion to Compel*.  *Opinion and Order*, Doc. No. 70.  At the direction of the Court, plaintiff's motion for reconsideration has been filed as *Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel* ("*Plaintiff's Response*"), Doc. No. 71.  For the reasons that follow, NYK's *Motion to Compel* is **GRANTED**.

## I.    Background

This Court has previously set forth the background of this case:

Plaintiff Nora Harding filed this action individually and as administrator of the estate of her husband, Mark A. Harding, who was an employee of defendant Transforce, Inc. when he was killed on February 12, 2009, in a tragic accident that occurred during the scope of his employment. . . .

. . .

Transforce and Defendant NYK entered into a contractual relationship in August 2007, for Transforce to provide personnel to NYK for the "operation of transportation or other equipment." (Service Agreement at 1; Doc. No. 52-2.) . . .

In February 2009, NYK was in a contractual relationship with Defendant Mars Petcare.  In accordance with that contract, NYK provided to Mars Petcare "spotting and shuttle services," *i.e.,* moving semi tractor-trailers around the warehouse yard, at the Mars Petcare facility located in Columbus, Ohio. (Mars Petcare Rep. Melissa Muth Dep. at 34; Doc. No. 49 at 12.)  NYK employed a Drop Lot Coordinator whom it assigned to the Mars Petcare location. The Drop Lot Coordinator would be informed by a Mars Petcare dispatcher when a semi tractor-trailer was full and the Coordinator then dispatched direction to the NYK and/or Transforce yard truck operators to move that trailer.

On February 12, 2009, pursuant to the contract between Transforce and NYK and the contract between NYK and Mars Petcare, Mr. Harding and another Transforce employee, Defendant Paul E. Lay, were working at the Columbus Mars Petcare facility as yard truck operators.  Mr. Harding had completed his work shift and was walking across the yard to his personal vehicle when he was struck and killed by the yard truck driven by Mr. Lay. . . .

On February 11, 2011, Plaintiff filed the instant action in the Franklin County, Ohio Court of Common Pleas.  Plaintiff named as defendants Transforce, Mr. Lay, Kal Kan Foods, Inc., Mars Petcare and NYK.  On March 18, 2011, Defendants jointly removed the action to this Court based upon diversity jurisdiction.

*Opinion and Order*, Doc. No. 68, pp. 1-3.

2

The claims against Mr. Lay were dismissed on February 27, 2012. *Opinion and Order*, Doc. No. 35.  Plaintiff stipulated to the dismissal of Transforce, Inc., on April 11, 2012, Doc. No. 40, and to the dismissal of Mars Petcare US, Inc., and Kal Kan Foods, Inc., on July 25, 2012, Doc. No. 58.  The only claims remaining are those against NYK – *i.e.,* negligence, negligent hiring, training, and/or supervision and business invitee liability.  The Court denied plaintiff's and NYK's motions for summary judgment on these claims on March 26, 2013. *Opinion and Order*, Doc. No. 68.  A trial by jury is scheduled to begin on July 8, 2013. *Order Setting Trial Date and Settlement Conference*, Doc. No. 67.

## II.  Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to requests for production of documents under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted

3

under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).  *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.

## III.  Discussion

NYK's *Motion to Compel* is technically deficient because it does not contain a certification that NYK has in good faith conferred or attempted to confer with plaintiff in an effort to obtain the disputed discovery without court action.  NYK's *Motion to Compel* also fails to establish that a formal discovery request was ever issued to plaintiff or that the actual settlement agreement was ever requested.  *See Motion to Compel*, p. 2 ("[NYK] has on three occasions requested from Plaintiff the amount of the settlement, to no avail.  The first happening was orally at the settlement conference held on June 19,

4

2012 and most recently via electronic messages sent on September 24, 2012 and November 1, 2012."). *Cf. Plaintiff's Response*, p. 7 ("NYK never issued any form of discovery requests to Plaintiff Harding. It did not seek interrogatories, requests for admissions and/or request for production of documents.").

Despite these technical deficiencies in NYK's *Motion to Compel*, the parties agree that the production of the actual settlement agreement is at issue and it is clear to the Court that the parties have reached impasse in their attempts to resolve their dispute. Considering the impending trial date and the parties' opposing positions on the relevance of the settlement agreement, the Court concludes that its discretion is better exercised in determining whether the settlement agreement is discoverable.

NYK contends that the settlement agreement is relevant to the "issue of damages" and that it "bear[s] on the apportionment of damages should the case proceed to trial." *Motion to Compel*, pp. 1-3 Plaintiff responds, first, that NYK's discovery request is untimely because it was made after the conclusion of the discovery completion deadline. *Plaintiff's Response*, p. 3. The *Preliminary Pretrial Order*, Doc. No. 20, required that all non-expert discovery be completed by February 13, 2012; NYK did not request production of the settlement agreement until September 24, 2012. *See Motion to Compel*, p. 2. Because NYK did not seek discovery of the settlement agreement during the discovery period, it must now demonstrate "good cause" and obtain "the judge's consent" to modify the Court's scheduling order. *See* Fed. R. Civ. P. 16(b). Good cause exists here because, as NYK

argues and plaintiff does not dispute, the settlement agreement was not executed until June 25, 2012 – *i.e.,* more than four months after the close of non-expert discovery. *See Motion to Compel*, p. 2. NYK's discovery request is therefore not fatally untimely.

Plaintiff next argues that, pursuant to the set-off requirements of O.R.C. § 2307.28, the relevance of the settlement agreement is contingent on a jury verdict against NYK at trial. *Plaintiff's Response*, pp. 4-5. Specifically, plaintiff argues that,

> [b]ecause such a determination will not be made until *after* trial, it follows that the settlement agreement cannot lead to the production of evidence admissible *at trial*, as required by Rule 26(b)(1). Because both the existence and calculation of Defendant NYK's potential set-off right under §2307.28 are wholly dependent on a jury determination of Defendant NYK's liability, it would be premature to deem the settlement agreement relevant to a right of set-off that is entirely contingent, and will remain so [until] after the conclusion of trial.

*Id.* (emphasis in original).

Discovery, however, is not limited to information likely to lead to the discovery of only evidence admissible at trial.[1] Rather, the Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant, for this purpose, if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

---

[1] For example, Rule 26 requires the production at the outset of the case of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iv). This production requirement exists regardless of the admissibility of that information at trial. *See* Fed. R. Evid. 411 (generally prohibiting evidence of liability insurance at trial). The drafters of the rules recognize that discovery of such information "will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(b)(2) advisory committee note (1970).

Plaintiff concedes that the settlement agreement will become relevant if judgment is rendered against NYK and if Mars Petcare US, Inc., is also determined to be liable in connection with Mr. Harding's death. *See Plaintiff's Response*, pp. 5-7. In that event, plaintiff acknowledges, NYK will have a right of set-off under O.R.C. § 2307.28. *Id.* at 5. Under these circumstances, it cannot be denied that the settlement agreement is relevant to NYK's claim or defense, *see* Fed. R. Civ. P. 26(b)(1), and is therefore discoverable.

Finally,[2] plaintiff argues that disclosure of the settlement agreement should not be required because the agreement contains a confidentiality provision. *See id.* at p. 4. A confidentiality privilege generally applies to the substance of communications made during negotiations that result in a confidential settlement agreement. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-81 (6th Cir. 2003). That privilege does not apply here because the settlement agreement does not, presumably, disclose the settling parties' negotiations. "'Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality.'" *Gardiner v. Kelowna Flightcraft, Ltd.*, No. 2:10-cv-947, 2011 WL 1990564, at *1 (S.D. Ohio May 23, 2011) (quoting *Oberthaler v. Ameristep Corp.*, No. 5:08-cv-1613, 2010 WL 1506908, at *1 (N.D. Ohio Apr. 13, 2010)).

**WHEREFORE**, based on the foregoing, NYK's *Motion to Compel*, Doc. No. 62, is **GRANTED**.

---

[2] Plaintiff also objected to production of the settlement agreement in light of the pendency of the motions for summary judgment. Those motions have now been resolved. *Opinion and Order*, Doc. No. 68.

Plaintiff is **ORDERED** to produce to NYK, within seven (7) days, the settlement agreement between her and defendants Mars Petcare US, Inc., and Kal Kan Foods, Inc.


May 1, 2013                                    _____*s/Norah McCann King*_____
                                               Norah M<sup>c</sup>Cann King
                                               United States Magistrate Judge

**8**